[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action the plaintiff seeks to collect unpaid rent and the costs of making certain repairs to the house after the defendants vacated.
The facts giving rise to this dispute are as follows. The parties entered into a written rental agreement, subsequently renewed annually, in 1988. In October, 1991, the parties executed a lease the term for which expired on June 30, 1992. The nine month lease was requested by the defendants whose professional and personal obligations precluded them from honoring a twelve month lease. Although the defendants unquestionably signed the lease they mistakenly believed it expired on May 31.
On March 2, 1992, the defendants informed the plaintiff that they would vacate at the end of April, 1992. Recognizing their obligations under the lease, the defendants agreed to advertise the house for rent and refer any interested persons to the plaintiff. Advertisements were placed in local papers. A number of persons responded and were directed to contact the plaintiff. For various reasons the plaintiff either found the potential lessees unacceptable or the persons lost interest in renting after meeting with the plaintiff.
The defendants vacated on or about April 30, two months prior to the expiration of the lease. The defendants, of course, ceased advertising. The plaintiff did not advertise the house in the paper, but did place "For Rent" signs in the windows of the house. Although the defendants paid $1175 per month in rent, the plaintiff sought $1,200 per month for the house. A new lease was not signed until August. The plaintiff now seeks to recover the unpaid rent for May and June, 1992, totalling $2350, plus approximately $400 for repairs to the premises and the yard.
The defendants do not dispute that they did not pay the rent for May and June. Rather they argue that the plaintiff failed to mitigate its damages. Particularly they point to the plaintiff's failure to advertise the house or place it with a broker. The CT Page 5785 defendants also allege that the poor condition of the house together with the high rental amount and the plaintiff's intransigent attitude were the cause of the plaintiff's failure to re-rent the premises immediately after the defendants vacated. Consequently, the defendants argue that they are not responsible for May and June's rent in the absence of proof that the plaintiff made reasonable efforts to rent the house.
General Statutes § 47a-11a provides that, "If the tenant abandons the dwelling unit, the landlord shall make reasonable efforts to rent it at a fair rental in mitigation of damages." § 47a-11(b) states that "if the landlord fails to use reasonable efforts to rent the dwelling at a fair rental value, the rental agreement is deemed to be terminated."
Whether a landlord has made reasonable efforts to mitigate damages is a question of fact to be decided by reference to the particular facts of each case. Thorne v. Broccoli, 39 Conn. Sup. 289
(1984). In the Broccoli case the landlord failed to advertise the apartment, did not list it with any brokers, raised the rent, and made no attempt to rent it at a rate lower than the advertised rate. Relying on an Iowa case with similar facts, the Broccoli
court concluded that under the facts of that case the landlord inBroccoli failed to make reasonable efforts to rent the premises. The Broccoli court noted that in the Iowa case the landlord "failed to place any advertisements in the paper, did not offer the apartment at a reduced rent and claimed she was unable to rent the premises until seven days after the former tenant's lease expired." Id, 293.
In this case the evidence discloses that the defendant — not the plaintiff — voluntarily agreed to advertise the house for rent. Once the defendants vacated the plaintiff refused to advertise; raised the rent despite the obvious need for cosmetic improvements to the house and refused to make the improvements necessary to make the house marketable until after the defendants' lease expired.
Under these circumstances the plaintiff failed to make reasonable efforts to mitigate its damages once it became obvious that the efforts it commenced in May were not successful. Because the plaintiff failed to adjust its efforts in recognition that its marketing efforts were unsuccessful, damages are awarded for May, but not June's rent, in the amount of $1175.[1]
CT Page 5786
The plaintiff also seeks damages for repairs to the premises after the defendants vacated. These expenses are attributable to normal wear and tear and thus are not allowed as damages.
The defendants are entitled to set off of $1075 for their security deposit. Net judgment to the plaintiff therefore of $100 plus 15% attorneys fees, plus costs.
SO ORDERED.
Holzberg, J.